**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD A. STORM,**

**-vs-**  Case No. 6:99-cv-1445-Orl-19DAB

**TOWN OF PONCE INLET, FLORIDA, INC. ,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOVANTS' MOTION FOR PROTECTIVE ORDER (Doc. No. 346)**
>
> **FILED:** October 3, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. The subpoenas are without force or effect in that they are issued from the wrong district and Dr. and Mrs. Roese are not required to appear.

Defendants purportedly served subpoenas for the depositions of Douglas and Deborah Roese in aid of execution of a judgment against Mrs. Roese's father, Plaintiff Richard A. Storm. Doc. No. 348. Mrs. Roese has not lived in Plaintiff's home for fifteen years; she and her husband are working professionals and have four children under the age of ten years old for whom to coordinate care. Defendants set the depositions apparently without any attempt to coordinate their timing with the

Roeses, and the Roeses – appearing *pro se* – have moved for a protective order to reschedule the depositions to a mutually agreeable time.

Pursuant to Federal Rule of Civil Procedure 45, a subpoena commanding "attendance at a deposition shall issue from the court *for the district designated by the notice of deposition[1] as the district in which the deposition is to be taken*." Fed. R. Civ. P. 45(a)(2) (emphasis added). Because the deposition was scheduled to be taken in the Roeses' home state of Indiana, the subpoena commanding their attendance is required to be issued from the court in *Indiana*. Any motion for protective order (if necessary) would also be filed in that court. Because the subpoenas the Roeses seek protection from were issued under the authority of the Middle District of Florida – the wrong district– they are without force or effect and the Roeses are not required to appear for their depositions purportedly scheduled for October 10, 2005.

If Defendants intend to follow the appropriate procedures and properly subpoena the Roeses for deposition under the authority of the Indiana court, the Court expects Defendants to take reasonable steps to avoid imposing an undue burden on the Roeses by scheduling the depositions at a mutually agreeable time.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Douglas Roese
Deborah Roese

---

[1] Defendants failed to provide a copy of the deposition notice in opposition to the Motion for Protective Order, but the Subpoena designates the place of deposition as "Indianapolis, Indiana." Doc. No. 348 at 6.