# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD A. STORM,**

**-vs-**                                                    **Case No.  6:99-cv-1445-Orl-19DAB**

**TOWN OF PONCE INLET, FLORIDA,**
**INC. ,**

                              **Defendants.**
_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S [TOWN OF PONCE INLET'S] MOTION TO COMPEL DISCOVERY (Doc. No. 350)** |
| **FILED:** | **November 21, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

      Plaintiff sued Defendant Town of Ponce Inlet ("Town") for alleged civil right violations relating to the improper issuance of a building permit sought by Plaintiff, where a town official did not require changes to Plaintiff's plans and specifications to bring it into compliance with the Town Land Development Code. *See* Doc. No. 307.  On February 12, 2002, the Court granted summary judgment to the Town on Plaintiff's federal claims.  Doc. No. 307, 308.

      On March 7, 2002, the Court taxed costs of $26,620.91 in favor of the Town against the Plaintiff.  Doc. No. 323.  The Town seeks to enforce the cost judgment against Plaintiff, who

apparently has some exempt sources of income and assets.  *See, e.g.,* Doc. No. 350 at 14-19.  In aid of execution of the judgment, counsel for the Town took Plaintiff's deposition for a third time, apparently requesting that Plaintiff bring financial and asset information for the previous three years. *See* Doc. No. 350 at 20.

According to Plaintiff's uncontroverted account, he has been deposed on two prior occasions – on May 21, 2003 and on August 25, 2004 – also in aid of execution of the judgment and has previously provided the documents and information sought in the most recent deposition (although Plaintiff did provide some supplementary recent information).  Doc. No. 352.

The Town's Motion to Compel "Discovery" is defective and due to be denied for several reasons.  The Motion fails to comply with Local Rule 3.01(g) which requires a conference with the opposing side before filing.[1]  The Motion also fails to cite the questions for which answers are sought to be compelled and vaguely refers to Plaintiff's "refus[al] to answer the majority of questions." Attaching a transcript of an entire deposition is not useful.  The Motion also fails to provide any memorandum of law or cite any case law whatsoever in support of the relief sought in their Motion, in violation of Local Rule 3.01(a).  More importantly, the Motion fails to append or discuss any of Plaintiff's prior depositions or why his responses in prior depositions, particularly for questions about finances from prior years, were inadequate or insufficient.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]Obviously since Plaintiff has now filed his opposition, the Motion is clearly opposed; however, the Town's non-compliance violates the intent of the Rule, which is to avoid the necessity of judicial intervention in resolving disputes whenever possible.

Copies furnished to:

Counsel of Record
Unrepresented Parties